UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-cr-00332-JPH-DML |
| | ) | |
| LEWIS EDWARD THURMAN, | ) -01 | |
| | ) | |
| Defendant. | ) | |

**ENTRY DENYING REQUEST FOR RELEASE TO HOME CONFINEMENT**

Defendant Lewis Edward Thurman has submitted a letter in this case asking for release to home confinement. As explained below, Thurman's request, dkt. [53] is **denied**.

On January 7, 2020, this Court sentenced Thurman to serve 192 months in the Bureau of Prisons ("BOP"). He is currently incarcerated at the Ashland Federal Correctional Institution. The Bureau of Prisons website states that Thurman is 36 years old and has an expected release date of August 16, 2033. In his letter, he asks to be released to home confinement because of the COVID-19 pandemic and his underlying health conditions of obstructive sleep apnea and pre-diabetes.

Federal courts are limited in their ability to alter criminal sentences. Under 18 U.S.C. § 3582(c), a court "may not modify a term of imprisonment once it has been imposed" except in the circumstances set forth in that section. Thurman does not contend in his letter that a sentencing guideline change warrants a reduction, as required for relief under 18 U.S.C. § 3582(c)(2). And he is not eligible for relief under § 3582(c)(1)(A)(ii), which requires, among other things, that a defendant be at least 70 years of age, that he has served at least 30 years in

prison on a mandatory life sentence, and that the BOP has determined that he is not a danger to the safety of any other person or the community.

To the extent that Thurman is seeking a sentence reduction for "extraordinary and compelling reasons" under § 3582(c)(1)(A)(i), the motion must still be denied. Under that section, a defendant may only file a motion for sentence reduction with a district court after the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). This district court cannot entertain a motion under § 3582(c)(1)(A)(i) unless a defendant has exhausted his administrative remedies—even in the face of the COVID-19 pandemic. Thurman has not stated that he has exhausted his administrative remedies, and he has not established that the Court has the power to waive the administrative exhaustion requirement or sufficiently explained why the Court should do so.

Thus, the only portion of § 3582 potentially applicable here is § 3582(c)(1)(B), which provides that a court "may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." Thurman may be understood to base his request on the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, 134 Stat. 281 (2020). But the CARES Act is not a statute that "expressly permits" a court to modify an already-imposed sentence. Instead, the CARES Act provides:

> During the covered emergency period, if the Attorney General finds that emergency conditions will materially affect the functioning of the [BOP], the Director of the [BOP] may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under the first sentence of [18 U.S.C. § 3624(c)(2)], as the Director deems appropriate.

<em>/</em>

134 Stat. at 516 (CARES Act § 12003(b)(2)). That is, the CARES Act expands the powers of the Attorney General and the Director of the Bureau of Prisons, but not the courts. Accordingly, this Court lacks the authority to modify Thurman's sentence, and his request for release to home confinement, dkt. [53], must be **DENIED**.

**SO ORDERED.**

Date: 6/2/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

Lewis Thurman
Reg. No. 16624-028
FCI Ashland
Federal Correctional Institution
P.O. Box 6001
Ashland, KY  41105