UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF INDIANA

UNITED STATES OF AMERICA

v.

LEWIS THURMAN

Case No. 1:18-cr-00332-JPH-DML-1

ORDER ON MOTIONS FOR
COMPASSIONATE RELEASE
UNDER 18 U.S.C. § 3582(c)(1)(A)

Upon motions of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction

in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided

in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motions are:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-cr-00332-JPH-DML |
| | ) | |
| LEWIS EDWARD THURMAN, | ) | -01 |
| | ) | |
| Defendant. | ) | |

## ORDER

Defendant Lewis Thurman has filed two motions seeking compassionate release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). *United States v. Thurman*, 1:18-cr-00332-JPH-DML-1, dkts. [55] and [63]. Mr. Thurman asks the Court to reduce his sentence to time served. Dkt. 55. The United States argues, in part, that Mr. Thurman's motions are barred by the terms of his plea agreement. Dkt. 65 at 11-12. For the reasons stated below, Mr. Thurman's motions are **denied**.

## I. Background

In July 2019, Mr. Thurman executed a petition to enter plea of guilty and plea agreement. Dkt. 41. In this plea agreement, Mr. Thurman agreed to plead guilty to one count of possession with intent to distribute 100 grams or more of heroin. *Id.* at 1-2. He admitted to selling controlled substances, including no less than 385 grams of heroin, no less than 150 grams of methamphetamine (actual), and no less than 180 pounds of marijuana. *Id.* at 6-7. He also agreed to a binding sentence of between 188 and 235 months' imprisonment. *Id.* at 4. In Paragraph 24 of the plea agreement, Mr. Thurman agreed "not to contest, or seek to modify, [his] . . . sentence . . .

1

in any later legal proceeding, including but not limited to, an action brought under 18 U.S.C. § 3582 or 28 U.S.C. § 2255." *Id.* at 8.

The Court conducted a change of plea and sentencing hearing for Mr. Thurman in January 2020. Dkt. 48. The Court accepted Mr. Thurman's guilty plea and sentenced him to 192 months' imprisonment and four years' supervised release. *Id.*; *see also* dkt. 49. Judgment was entered on January 10, 2020, dkt. 49, and Mr. Thurman did not appeal his conviction or sentence.

Nine months after pleading guilty, Mr. Thurman filed a pro se motion and supplemental motion asking the Court to reduce his sentence to time served. Dkts. 55 and 63. The United States has responded, dkt. 65, and Mr. Thurman has replied, dkt. 66.

## II. Discussion

The First Step Act was enacted on December 21, 2018. *See* 132 Stat. 5194 (2018). As relevant here, § 603 of the First Step Act allows the Court to reduce a sentence upon motion of the defendant if the defendant shows an "extraordinary and compelling reason" warranting a sentence reduction. 18 U.S.C. § 3582(c)(1)(A)(i).  Before enactment of the First Step Act, only the Bureau of Prisons could bring a motion for compassionate release. *See* 18 U.S.C. § 3582(c)(1)(A) (effective Nov. 2, 2002 to Dec. 20, 2018).

In his motion for compassionate release, Mr. Thurman asks the Court to reduce his sentence to time served because his medical conditions combined with the risks presented by the COVID-19 pandemic create an "extraordinary and compelling reason" for a sentence reduction within the meaning of 18 U.S.C. § 3582(c)(1)(A)(i). Dkt. 55 at 2. In its response, the United States argues that Mr. Thurman waived his right to seek a sentence modification based on the terms of his plea agreement. Dkt. 65 at 11-12. In reply, Mr. Thurman contends that the waiver should not apply

because, at the time he was negotiating his plea agreement, "no one could have projected that the country would be hit with a COVID-19 pandemic." Dkt. 66 at 5.

Mr. Thurman's motion for compassionate release must be denied because it is barred by the plain terms of his plea agreement. The Seventh Circuit recently held that a waiver of the right to file a motion under § 3582 was enforceable against a defendant who signed his plea waiver after the First Step Act was enacted but later attempted to file a motion for compassionate release under § 3582(c)(1)(A). *See United States v. Bridgewater*, 995 F.3d 591, 595–602 (7th Cir. 2021). Mr. Thurman's plea waiver plainly bars any attempt to file a § 3582 motion, and he signed his plea agreement after enactment of the First Step Act. Thus, under *Bridgewater*, his motion for compassionate release must be denied as barred by his plea agreement.

Mr. Thurman argues that this waiver should not be enforceable because of the unforeseen nature of the COVID-19 pandemic. Dkt. 66 at 5. However, the Seventh Circuit specifically rejected this argument in *Bridgewater*, reasoning, "The change of circumstances brought on by the pandemic does not render Bridgewater's earlier waiver unknowing or involuntary. 'At worse, he did not fully appreciate that he might wish to change his mind later . . . . Yet, such is the risk with plea-bargaining and waiver.'" 995 F.3d at 596 (quoting *United States v. Alcala*, 678 F.3d 574, 580 (7th Cir. 2012)). Under the binding precedent of *Bridgewater*, Mr. Thurman's plea waiver is valid and thus must be enforced.

### III. Conclusion

For the reasons explained above, Mr. Thurman's motions for compassionate release, dkts. [55] and [63], are **denied**.

3

**SO ORDERED.**

Date: 10/25/2021

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Lewis Thurman, #16624-028
FCI Ashland
Federal Correctional Institution
P.O. Box 6001
Ashland, KY 41105

All Electronically Registered Counsel